

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-15-2004

# Bolinger v. VI Telephone Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4569

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Bolinger v. VI Telephone Corp" (2004). *2004 Decisions.* Paper 75.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/75

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 03-4569

———

TOD BOLINGER,
Appellant

v.

VIRGIN ISLANDS TELEPHONE CORP.;
INNOVATIVE COMMUNICATION CORP.

———

On Appeal from the District Court of the Virgin Islands
(D.C. Civil No. 02-cv-00049)
District Judge: Hon. Stanley S. Brotman

———

Argued: December 13, 2004

Before: SLOVITER, FUENTES and GREENBERG, Circuit Judges

(Filed: December 15, 2004)

———

K. Glenda Cameron (Argued)
Law Offices of Lee J. Rohn
Christiansted, St. Croix, USVI 00820

        Attorney for Appellant

Joel H. Holt          (Argued)
Law Office of Joel H. Holt
Christiansted, St. Croix, USVI 00820

        Attorney for Appellees

OPINION

SLOVITER, Circuit Judge.

Tod A. Bolinger appeals from the order of the District Court of the United States Virgin Islands compelling arbitration of various claims Bolinger asserted against his former employer, the Virgin Islands Telephone Corporation (VITELCO), and its parent company, Innovative Communication Corporation (ICC). The District Court had jurisdiction pursuant to the Revised Organic Act of 1954, 48 U.S.C. §§ 1541-1645, as well as 28 U.S.C. § 1332. This court has jurisdiction under 28 U.S.C. §§ 1291, 1294(3). See also Blair v. Scott Specialty Gases, 283 F.3d 595, 602 (3d Cir. 2002) ("We conclude that even though the District Court's order dismissed this case without prejudice and directed the parties to proceed with arbitration, the order was final and appealable.").

## I.

In spring 1999, VITELCO offered Bolinger a position as its Director of Technical Support Services. Under the attendant contract, Bolinger was entitled to a broad range of compensation and benefits, including a minimum base salary of $125,000 per year and $2,500 per month for housing expenses. Notably, the contract dated April 19, 1999 was for a fixed period of employment, providing in Section 2.01 that:

> [Bolinger] shall be employed by [VITELCO] for a period
> commencing on 04/19/99 and ending one year from such date.
> . . . Moreover, if [VITELCO], as authorized by its Board of

2

Directors, shall have delivered to [Bolinger] written notice of its intent to renew the employment of [Bolinger] under this Agreement at least one month prior to the [anniversary of 04/19/99], the term of the employment of [Bolinger] under this Agreement shall extend for a period of one year.

App. at 21. The contract also contained an arbitration clause, providing in Section 5.06 that:

Any disputes under or in any way relating to this Agreement, the employment or any relations between the parties, or wrongs allegedly done to the Employee shall be submitted solely to arbitration under the commercial rules of the American Arbitration [Association], and will be determined in a sealed proceeding.

App. at 26.

Bolinger did not thereafter receive notice of renewal in accordance with the protocol established in the employment contract. Nonetheless, in February 2000, approximately two months prior to the date on which the employment contract was due to expire, VITELCO changed Bolinger's job title from Director of Technical Support Services to Vice-President of Operations. And, until fall 2001, Bolinger's employment with VITELCO continued in this capacity despite the fact that VITELCO never provided him with explicit notice of its intent to renew the 1999 employment contract or, for that matter, enter into a new express contract.

Bolinger avers that in October 2001 he was called into the office of VITELCO's President and informed that his employment was being terminated. Bolinger claims that, upon this firing, VITELCO's President coerced him into signing a broadly-drafted release

3

form which, by its terms, relinquished his right to pursue any present or future claims against VITELCO. In exchange for signing this release, Bolinger received a settlement of $20,800.

Shortly thereafter, Bolinger filed a two-count complaint in the District Court against both VITELCO and ICC, its parent company, asserting claims for breach of contract and fraud. Subsequently, the District Court granted Bolinger leave to amend his complaint to state additional claims. In response to Bolinger's complaint, VITELCO and ICC moved the District Court to compel arbitration pursuant to Section 5.06 of the April 1999 contract and the Federal Arbitration Act, 9 U.S.C. § 1 et seq. After allowing limited discovery to ascertain whether arbitration would be cost prohibitive for Bolinger, see generally Blair v. Scott Specialty Gases, 283 F.3d 595, 610 (3d Cir. 2002), the District Court granted this motion. Bolinger v. V.I. Tel. Corp., 293 F. Supp. 2d 559 (D. V.I. 2003). Bolinger thereafter lodged this timely appeal.

## II.

This court exercises plenary review over the question whether the parties "entered a valid and enforceable agreement to arbitrate their disputes." Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 263 (3d Cir. 2003). In other words, because "this appeal presents a legal question concerning the applicability and scope of an arbitration agreement, [the] standard of review is plenary." Harris v. Green Tree Fin. Corp., 183 F.3d 173, 176 (3d Cir. 1999).

Bolinger raises two issues on this appeal. First, he contends that the District Court erred in compelling arbitration and in rejecting his argument that the agreement to arbitrate expired without evidence of mutual assent to a new agreement to arbitrate. Second, he contends that the District Court erred in compelling arbitration because the costs of arbitration are prohibitive for him and therefore effectively deny him a forum for redress of his claims. The District Court considered both contentions in a comprehensive opinion and rejected them. The opinion of the District Court is reported at Bolinger v. V.I. Tel. Corp., 293 F. Supp. 2d 559 (D. V.I. 2003). We agree with the District Court's analysis and see no need to repeat that which is stated therein.[1]

## III.

For essentially the reasons stated by the District Court, we will affirm the District Court's order compelling arbitration.

---

[1] Although appellees objected to the District Court's order permitting Bolinger to amend his complaint to more clearly state claims for fraud, duress, misrepresentation, wrongful discharge and intentional and negligent infliction of emotional distress, appellees do not so argue before us and therefore have waived that issue. Furthermore, to the extent that Bolinger claims that the District Court erred in including ICC in its mandate to arbitrate, that issue was not raised in the District Court and therefore is waived.